IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YELLOW GROUP LLC; YELLOW CAB AFFILIATION INC.; TAXI AFFILIATION SERVICES LLC; YC1 LLC; 5 STAR FLASH, INC.; CHICAGO MEDALLION ONE LLC; and YOUR PRIVATE LIMOUSINE, INC.; <br><br> Plaintiffs, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., <br><br> Defendant. | CIVIL ACTION NO.: 12-cv-7967 <br><br> Hon. Sharon J. Coleman <br> Hon. Jeffrey T. Gilbert |

**PLAINTIFFS' RESPONSE TO UBER'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

On the eve of the oral argument and evidentiary hearing concerning Plaintiffs' Motion for Preliminary Injunction and Uber's Motion to Dismiss, defendant Uber Technologies, Inc. ("Uber") submitted a Notice of Supplemental Authority concerning a recent decision by a New York state trial court. (Dkt. No. 54.) That decision, *Black Car Assistance Corp. v. City of New York*, Index No. 100328/13, is inapplicable in all respects to this case and has no bearing on either Plaintiffs' Motion for Preliminary Injunction or Uber's Motion to Dismiss. The *Black Car Assistance* opinion stands for the unremarkable position that the New York Taxi and Limousine Commission ("TLC") has the administrative authority to initiate a pilot program concerning taxi dispatchers. In contrast, this case arises out of Uber's refusal to fairly compete by abiding by the laws currently in place, as well as Uber's false advertising and false representations of association with Plaintiffs. The Court, therefore, need not consider *Black Car Assistance* in deciding any issue in this case.

The *Black Car Assistance* case concerns a challenge to New York City's pilot program to allow electronic taxi hailing applications such as Uber. Prior to the pilot program, the TLC had prohibited all taxi dispatch services in New York City and taxi drivers could only accept street hails. (Dkt. No. 54-1 at 14.) When Uber initially launched in New York City, the TLC forced Uber's taxi dispatch service to shut down because it violated the New York laws prohibiting taxi dispatch. (Ex. A.) Uber and other taxi dispatch apps lobbied the TLC to change its laws to permit electronic dispatch applications like Uber to operate legally. In December 2012 the New York TLC amended its laws to provide a regulatory framework that would allow electronic hail applications to dispatch taxis. (Ex. B.) Certain livery groups brought suit in New York state court, claiming for various reasons that the TLC did not have the authority to change its own rules. (Dkt. No. 54-1 at 3-4.) Unsurprisingly, the New York state trial court found that the TLC does, in fact, have the authority to make new rules and repeal its old rules governing taxi and livery operations in New York City.

*Black Car Assistance* does not support Uber's position in this case. Here, Plaintiffs are not challenging the legality of any statute or regulation but rather are seeking to prevent Uber from continuing to gain an unfair commercial advantage by ignoring the laws currently on the books. Notably, the New York City regulatory authorities changed the law to establish a level playing field for all electronic dispatch operators. This is the same type of level playing field Plaintiffs are requesting in this case, one where all taxi and livery companies operate by the same rules within each type of service. Uber was forced to cease its New York taxi dispatching operations until the laws were changed so that all taxi-dispatch competitors could operate under the same rules. Similarly, Uber should be ordered to cease its Chicago operations that are in violation of established law.

Dated: April 28, 2013　　　　　　　　　　Respectfully submitted,

/s/Michael A. Stiegel
Michael A. Stiegel (ARDC #2735830)
　mastiegel@michaelbest.com
Carrie A. Hall (ARDC #6269884)
　cahall@michaelbest.com
Paul R. Coble (ARDC #6296105)
　pcoble@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue
Suite 2000
Chicago, Illinois 60601

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Michael A. Stiegel, hereby certify that on April 28, 2013, I caused a copy of the foregoing *Plaintiffs' Response to Uber's Notice of Supplemental Authority* to be filed with the Court's CM/ECF system, which provides service to all counsel of record via electronic mail.

/s/ Michael A. Stiegel
Michael A. Stiegel