**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| YELLOW GROUP LLC; YELLOW CAB AFFILIATION, INC.; TAXI AFFILIATION SERVICES LLC; TAXI MEDALLION MANAGEMENT, LLC; YC1 LLC; YC2 LLC; YC17 LLC; YC18 LLC; YC19 LLC; YC20 LLC; YC21 LLC; YC22 LLC; YC25 LLC; YC26 LLC; YC29 LLC; YC32 LLC; YC37 LLC; YC49 LLC; YC51 LLC; YC52 LLC; YC56 LLC; 5 STAR FLASH, INC.; CHICAGO MEDALLION ONE LLC; CHICAGO MEDALLION FIVE LLC; CHICAGO MEDALLION SIX LLC; CHICAGO MEDALLION SEVEN LLC; CHICAGO MEDALLION ELEVEN LLC; and YOUR PRIVATE LIMOUSINE, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 12-cv-7967<br><br>Hon. Sara L. Ellis<br>Hon. Jeffrey T. Gilbert |
| Plaintifs, | ) ) ) | |
| v. | ) ) | |
| UBER TECHNOLOGIES, INC., | ) ) ) | |
| Defendant. | | |

**JOINT MOTION REGARDING DISCOVERY
TO COMPEL DEFENDANT UBER TO RESPOND
TO INTERROGATORIES AND PRODUCE DOCUMENTS**

## Introduction

Plaintiffs are various Chicago taxi and livery companies and defendant Uber Technologies, Inc. ("Uber") provides a smartphone application that allows individuals to request transportation from third-party transportation providers. Plaintiffs bring this Motion to compel production of information and documents related to Uber's drivers and fare information that Plaintiffs contend is necessary to calculate Plaintiffs' alleged intellectual property damages.[1]

## Certification Pursuant to LR 37.2

The parties have conferred three times on these issues. The parties conferred on June 27, 2014, April 7, 2014, and October 30, 2014 by telephone. During the Court-assisted settlement process, the parties and Magistrate discussed documents necessary to calculate damages. The parties have been unable to resolve this dispute.

## The Relevant Discovery Requests

Plaintiffs, through an interrogatory and several document requests, seek five distinct sets of information in order to properly calculate a royalty rate. Pursuant to the Court's Case Management Procedures, the topics and corresponding discovery requests are reproduced below.

**Topic 1: The identities of each Uber taxi driver, their chauffer's license number, and the time period in which each driver has provided rides using Uber.**

**Interrogatory No. 1**: Identify all Uber Drivers who are currently or have operated in the Chicago Area, including: (a) their full name; (b) chauffeur's license number or if one is not available, their driver's license number and state of issuance; (c) taxi or livery company affiliation, if known; (d) taxi medallion number (where applicable); (e) vehicle description and license plate(s) on file with Uber; and (f) whether each Uber Driver drives or has driven a taxi, livery vehicle, or UberX vehicle.

**Answer**: Uber objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this

---

[1] In an effort to streamline this litigation, Plaintiffs have informed Uber of their intention to pursue only Counts II and III of the Second Amended Complaint for Uber's alleged false representation of association with the plaintiff taxi companies. Therefore, even though the below requests may be seen as broader than the uberTAXI request service, uberTAXI information is the only information being sought in this motion.

interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this interrogatory as overly broad and unduly burdensome to the extent it asks Uber to identify a burdensome number of persons. Uber further objects to this interrogatory to the extent it calls for confidential personal information of third parties. Uber further objects to this interrogatory to the extent it calls for information not within Uber's possession, custody, or control, and on the ground that it seeks information already within Plaintiffs' possession, custody, or control. Uber further objects that the term "UberX vehicle" is undefined and therefore vague and ambiguous.  (Ex. A.)

**Request No. 14**:     Documents showing the time period(s) in which each Uber Driver offered, arranged, or completed rides using the Uber App in the Chicago Area.

**Response**:     Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.  (Ex. B.)

**Topic 2:  The number of Uber taxi rides (on a daily, weekly, monthly, and annual basis) originating or terminating in Chicago Area since Uber offered taxi option in Chicago**.

**Request No. 13**:     Documents showing the number of rides, on a daily, weekly, monthly, and annual basis that have been arranged with the Uber App that either originated or terminated in the Chicago Area.

**Response**:     Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.  (*Id.*)

**Topic 3:  The number of taxi rides each Uber driver has completed in the Chicago Area.**

**Request No. 15**:     Documents showing the number of rides each Uber Driver has initiated or terminated in the Chicago Area for each Uber service (taxi, Uber Black, and UberX) on a daily, weekly, monthly, and annual basis.

**Response**:     Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.  (*Id.*)

**Request No. 17**:     Documents showing the number of rides each Uber Driver has completed through the Uber App in the Chicago Area on a daily, weekly, monthly, and annual basis.

**Response**:     Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties. (*Id*.)

**Topic 4:  The amount paid by passengers for each Uber taxi fare in the Chicago Area.**

**Request No. 21**:     Documents showing fares paid by passengers who used the Uber App where the ride originated or terminated in the Chicago Area.

**Response**:     Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties. (*Id*.)

**Topic 5:  Uber's costs associated with each taxi ride in the Chicago Area.**

**Request No. 22**:     Documents showing payments made by Defendant to Uber Drivers in the Chicago Area.

**Response**:     Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties. (*Id*.)

**Request No. 35**:     Documents showing the proportions by which fares for Uber Services are split between Uber, the Uber Driver who drove the fare, and any other entities.

**Response**:     Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. (*Id*.)

**Plaintiffs' Argument:**     Plaintiffs claim that Uber has violated the Lanham Act by using

Plaintiffs' branded taxicabs and representing that Uber is partnered with Plaintiffs.  Plaintiffs

request, at a minimum, a royalty for each of Uber's improper uses of Plaintiffs' trademarks and

trade dress.  The royalty rate is determined, in part, by the nature and extent of Uber's use of Plaintiffs' intellectual property, the benefit of the legitimacy conferred by using Plaintiffs' brands, and the value of the use of Plaintiffs' intellectual property to Uber.  *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 34 F.3d 1340, 1344-45 (7th Cir. 1994).  The requested information directly relates to Uber's use of Plaintiffs' goodwill, the market in which Uber has utilized Plaintiffs' goodwill, and the value of the misappropriated intellectual property to enhance Uber's business.

Topics 1, 2, and 3 seek information regarding the total number of taxi rides arranged by Uber and the number of those rides for which Uber utilized Plaintiffs' intellectual property by using Plaintiffs' cabs to provide rides to Uber's customers.  Plaintiffs require this information to analyze the market in which Uber uses Plaintiffs' intellectual property and the value of Plaintiffs' taxicabs to Uber's business.  Topics 4 and 5 seek information related to Uber's revenues and costs associated with arranging taxi rides the Chicago area.  This information is critical to the calculation of a reasonable royalty rate and applying that rate to Uber's profits.  All of the requested information can be produced pursuant to the Agreed Confidentiality Order entered in this case and is without significant burden to Uber.  Uber's Chicago general manager was able to pull up a plethora of ridership information for the use in Uber's defense at the preliminary injunction hearing, but somehow that same information is now unduly burdensome to obtain and irrelevant to the case.  Uber's repeated refusal to provide this information is improper and without legal support.[2]  Such gamesmanship should not be sanctioned.  Plaintiffs should be awarded its costs and fees pursuant to Fed R. Civ. P. 37(a)(5)(A).

---

[2] Uber's obstructionist stance towards this discovery is highlighted by its refusal to meaningfully respond to Plaintiffs' compromise of providing Uber with the names and chauffeur license numbers of Plaintiffs' drivers in an effort to decrease the volume of Uber's production.  *See* Ex. C.

**Defendant's Argument:** Plaintiffs' discovery requests seek Uber's highly confidential trade secrets and are irrelevant to their sole remaining Lanham Act claim. A reasonably royalty rate is determined by what the parties would have agreed to *before* the alleged infringement began.[3] But Plaintiffs seek financial information related to the period *after* the hypothetical royalty would have been in place. Driver lists, ride information, and Uber's revenue will not establish the royalty *rate* that the parties would have applied. Further, Plaintiffs represent only a portion of the taxicab industry, but seek data about *all* the taxicab drivers on Uber's platform, not just those affiliated with Plaintiffs, so the request is massively overbroad. *Alexander Binzel Corp. v. Nu-Tecsys Corp.*, 2000 WL 310304, at *13 (N.D. Ill. Mar. 24, 2000) (overturning damages verdict under Lanham Act where jury calculated award based on amount counter-defendant "earned on *all* its [] sales" even though "not every [] sale . . . was a direct result of its unlawful conduct"). In the *Sands* opinion that Plaintiffs cite, the royalty rate was based on the rate contained in a previous trademark license to a third party, and information about *all* sales was relevant to calculating a royalty because the infringement tainted *all* of the defendant's sales. *See id*. at 1342 (infringements based on defendant's "nationally-televised commercial advertising campaign"). Here, Plaintiffs' allegations of infringement here are relevant only to a discrete subset of Uber's transactions during the time of alleged infringement.

Uber is willing to comply with reasonably tailored discovery requests that do not seek vast amounts of information unrelated to Plaintiffs' claims. Uber asked Plaintiffs' counsel to produce a list of specific drivers affiliated with Plaintiffs, so that Uber could provide information related to only those drivers, but Plaintiffs' counsel never responded to this reasonable offer.

---

[3]   *Sands*, 34 F.3d at 1343 (noting that "[t]o determine a reasonable royalty, the court considered what a hypothetical negotiation for the right to license the [] mark would yield" and primarily considering conditions that existed before infringement began); *Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02 C 1941, 2005 WL 435263, at *16 (N.D. Ill. Feb. 16, 2005) (granting damages based on a reasonable royalty calculated with reference to "the total amount of revenue reported for the 24 months *prior* to" infringement) (emphasis added).

Dated:  November 24, 2014                                        Respectfully submitted,


 /s/ Michael A. Stiegel                                                  /s/ Arthur M. Roberts

Michael A. Stiegel (ARDC No. 2735830)           Arthur M. Roberts  (Admitted *Pro Hac Vice*)
  mastiegel@michaelbest.com                           arthurroberts@quinnemanuel.com
Carrie A. Hall (ARDC No. 6269884)               QUINN EMANUEL URQUHART &
  cahall@michaelbest.com                               SULLIVAN LLP
Paul R. Coble (ARDC No. 6296105)                50 California Street, 22nd Floor
  pcoble@michaelbest.com                            San Francisco, CA 94111
Zachary J. Watters (ARDC No. 6310675)           T: (415) 875-6600
  zjwatters@michaelbest.com                         F: (415) 875-6700
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza                            ***Attorney for Defendant***
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois  60601
T:  (312) 222-0800
F:  (312) 222-0818

***Attorneys for Plaintiffs***

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Yellow Group LLC; Yellow Cab Affiliation Inc.; Taxi Affiliation Services LLC; Taxi Medallion Management, LLC; YC1 LLC; YC2 LLC; YC17 LLC; YC18 LLC; YC19 LLC; YC20 LLC; YC21 LLC; YC22 LLC; YC25 LLC; YC26 LLC; YC29 LLC; YC32 LLC; YC37 LLC; YC49 LLC; YC51 LLC; YC52 LLC; YC56 LLC; 5 Star Flash, Inc.; Chicago Medallion One LLC; Chicago Medallion Five LLC; Chicago Medallion Six LLC; Chicago Medallion Seven LLC; Chicago Medallion Eleven LLC; and Your Private Limousine, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Uber Technologies, Inc., <br><br> Defendant. | **DEFENDANT UBER TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1–4)** <br><br> CIVIL ACTION NO. 12-CV-7967 <br><br> RELATED TO <br> CIVIL ACTION NO. 13-CV-2407 <br><br> Judge Sara L. Ellis |

**DEFENDANT UBER TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1–4)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Uber Technologies, Inc. ("Uber") responds to Plaintiffs Yellow Group LLC, Yellow Cab Affiliation Inc., Taxi Affiliation Services LLC, Taxi Medallion Management, LLC, YC1 LLC, YC2 LLC, YC17 LLC, YC18 LLC, YC19 LLC, YC20 LLC, YC21 LLC, YC22 LLC, YC25 LLC, YC26 LLC, YC29 LLC, YC32 LLC, YC37 LLC, YC49 LLC, YC51 LLC, YC52 LLC, YC56 LLC, 5 Star Flash, Inc., Chicago Medallion One LLC, Chicago Medallion Five LLC, Chicago Medallion Six LLC, Chicago Medallion Seven LLC, Chicago Medallion Eleven LLC, and Your Private Limousine, Inc.'s First Set of Interrogatories as follows.

## GENERAL STATEMENT

The following responses are based on discovery available as of the date hereof. Discovery is just beginning and is continuing, and these responses are subject to amendment accordingly. It is anticipated that further discovery, independent investigation and analysis may lead to the discovery of additional information or documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to or variations from the responses set forth herein.

In addition, the following responses are given without prejudice to Uber's right to produce or rely on subsequently discovered information, facts or documents. Uber accordingly reserves the right to amend the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed and contentions are made.

An answer to an interrogatory shall not be deemed a waiver of any applicable general or specific objection to an interrogatory. In responding to the interrogatories, Uber does not waive any objections that may be applicable to the use, for any purpose, of any information or documents provided in response, or the admissibility, relevance, or materiality of any such information or documents to any issue in this case.

Uber's responses to these interrogatories do not constitute admissions regarding the existence of any documents or information, the relevance or admissibility of any documents or information, or the truth or accuracy of any statement or characterization contained in Plaintiffs' requests.

Uber expressly incorporates this General Statement and the following General Objections as though set forth fully in response to each of the following individual interrogatories and, to the extent that they are not raised in any particular response, Uber does not waive those objections.

**GENERAL STATEMENT**

Uber objects to the "Definitions" contained in Plaintiffs' First Set of Interrogatories to the extent they are inconsistent with or impose obligations not set forth in the Federal Rules of Civil Procedure.

Uber objects to Plaintiffs' definition of "Defendant," "Uber," and "You" as overly broad to the extent it requires Uber to pursue information from individuals no longer employed by Uber whose information is not currently in the possession, custody, or control of Uber. Uber will respond to interrogatories based on a reasonable inquiry of individuals expected to possess the requested information.

Uber objects to Plaintiffs' definition of "Uber Drivers" as overly broad, vague, and ambiguous and to the extent that it requires Uber to seek information from a burdensome number of people. Uber further objects to Plaintiffs' use of the phrase "Uber Drivers" because third-party transportation providers who have entered into a Software License & Online Services Agreement in order to use the Uber software to receive requests for transportation services from users are not "Uber Drivers."

Uber objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

Uber objects generally to the interrogatories to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time.

Uber objects to these interrogatories to the extent they seek to compel Uber to generate or create information and/or documents that do not already exist.

Uber objects generally to the interrogatories to the extent that they prematurely call for information in contravention of the Local Rules for the United States District Court for the Northern District of Illinois or any applicable order of this Court.

Uber objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory.

Uber objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

Uber objects generally to the interrogatories to the extent they seek confidential or proprietary information of third parties.

Uber objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Uber objects to the interrogatories on the ground that they are overly broad, unduly burdensome, and oppressive to the extent they purport to require Uber to search its facilities and inquire of its employees other than those facilities and employees that would reasonably be expected to have responsive information. Uber's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Uber's employees who could reasonably be expected to possess responsive information.

Uber objects to the interrogatories on the grounds that they seek information already in the possession of Plaintiffs, publicly available, or as readily available to Plaintiffs as Uber.

Uber objects to Plaintiffs' definition of the term "IDENTIFY" as overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent it requires identification of an individual's employer, general job description, present or last known residence addresses and telephone number, present or last known business addresses and telephone number; identification of the address of an entity and the names and positions of the individuals connected with the entity who have knowledge of the information requested; and

identification of all individuals who received copies of a document, persons known or presumed to have present possession, custody, or control of the document.

Subject to and without waiving the foregoing General Statement and General Objections, Uber responds as follows:

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify all Uber Drivers who are currently or have operated in the Chicago Area, including: (a) their full name; (b) chauffeur's license number or if one is not available, their driver's license number and state of issuance; (c) taxi or livery company affiliation, if known; (d) taxi medallion number (where applicable); (e) vehicle description and license plate(s) on file with Uber; and (f) whether each Uber Driver drives or has driven a taxi, livery vehicle, or UberX vehicle.

### RESPONSE

Uber objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this interrogatory as overly broad and unduly burdensome to the extent it asks Uber to identify a burdensome number of persons. Uber further objects to this interrogatory to the extent it calls for confidential personal information of third parties. Uber further objects to this interrogatory to the extent it calls for information not within Uber's possession, custody, or control, and on the ground that it seeks information already within Plaintiffs' possession, custody, or control. Uber further objects that the term "UberX vehicle" is undefined and therefore vague and ambiguous.

### INTERROGATORY NO. 2

Describe the factual and legal bases for Defendant's claim that the Uber App is not a device which records and indicates a charge or fare measured by distance traveled.

## RESPONSE

Uber objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this interrogatory as premature, as a motion to dismiss remains pending, and therefore Uber has not had any opportunity to make any affirmative "claim" about the "Uber App."

Uber further objects on the ground that it calls for information already within Plaintiffs' possession, custody, or control. Specifically, Plaintiffs themselves obtained information responsive to this interrogatory through their examination of an Uber representative during the April 29 hearing on Plaintiffs' Motion for Preliminary Injunction. Plaintiffs elicited substantial testimony from the Uber representative on the calculation of the amounts charged to users for certain third-party transportation services requested through Uber. *See, e.g.*, Apr. 29, 2013 Hrg. Tr. at 106:6-107:11, 108:2-11, 121:7-125:14.

## INTERROGATORY NO. 3

Describe the complete circumstances of all citations issued to Uber or Uber Drivers by the City of Chicago (including all regulatory agencies of the City of Chicago), including: (a) the date of the citation; (b) the conduct cited; (c) the statute, ordinance, rule, or regulation purportedly violated; (d) the individuals involved in the citation; (e) any resolution to the citation; (f) the date of resolution of each citation; and (g) the person(s) most knowledgeable about the citations and their resolution.

## RESPONSE

Uber objects to this interrogatory to the extent it calls for confidential personal information of third parties. Uber further objects to this interrogatory as overly broad and unduly burdensome. Uber further objects to this interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this interrogatory to the extent it calls for information not within Uber's possession, custody, or

control, and on the ground that it seeks information already within Plaintiffs' possession, custody, or control. In particular, Plaintiffs already obtained documents regarding "citations issued to Uber" through Freedom of Information Act requests made to the City of Chicago. Uber further objects to undefined terms and phrases used in this interrogatory, including without limitation "individuals involved in," "and "most knowledgeable about," as vague and ambiguous.

## INTERROGATORY NO. 4

For each Uber Service provided in Illinois, state Uber's profits, revenue, fixed costs, and variable costs on a per-month and a per-ride basis.

## RESPONSE

Uber objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this interrogatory to the extent it calls for confidential information of third parties. Uber further objects to this interrogatory as overly broad and unduly burdensome.

DATED: March 20, 2013                    QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP


                                  By  /s/ Stephen A. Swedlow
                                     Stephen A. Swedlow
                                     Attorney for Uber Technologies, Inc.

Stephen A. Swedlow (ARDC No. 6234550)
   stephenswedlow@quinnemanuel.com
Andrew H. Schapiro (ARDC No. 6209041)
   andrewschapiro@quinnemanuel.com
Amit B. Patel (ARDC No. 6309876)
   amitbpatel@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401

John B. Quinn*
   johnquinn@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Facsimile:   (312) 443-3100

* *pro hac vice* admitted

**CERTIFICATE OF SERVICE**

The undersigned attorney, Amit B. Patel, hereby certifies that the following document:

**DEFENDANT UBER TECHNOLOGIES, INC.'S RESPONSES AND**

**OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**(NOS. 1–4)**

was served on the attorneys of record for Plaintiffs by electronic mail.


DATED: March 20, 2014                  QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP



                                 By   /s/ Amit B. Patel
                                      Amit B. Patel
                                      Attorney for Uber Technologies, Inc.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Yellow Group LLC; Yellow Cab Affiliation Inc.; Taxi Affiliation Services LLC; Taxi Medallion Management, LLC; YC1 LLC; YC2 LLC; YC17 LLC; YC18 LLC; YC19 LLC; YC20 LLC; YC21 LLC; YC22 LLC; YC25 LLC; YC26 LLC; YC29 LLC; YC32 LLC; YC37 LLC; YC49 LLC; YC51 LLC; YC52 LLC; YC56 LLC; 5 Star Flash, Inc.; Chicago Medallion One LLC; Chicago Medallion Five LLC; Chicago Medallion Six LLC; Chicago Medallion Seven LLC; Chicago Medallion Eleven LLC; and Your Private Limousine, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Uber Technologies, Inc., <br><br> Defendant. | **DEFENDANT UBER TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–57)** <br><br> CIVIL ACTION NO. 12-CV-7967 <br><br> RELATED TO <br> CIVIL ACTION NO. 13-CV-2407 <br><br> Judge Sara L. Ellis |

**DEFENDANT UBER TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–57)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Uber

Technologies, Inc. ("Uber") responds to Plaintiffs Yellow Group LLC, Yellow Cab Affiliation

Inc., Taxi Affiliation Services LLC, Taxi Medallion Management, LLC, YC1 LLC, YC2 LLC,

YC17 LLC, YC18 LLC, YC19 LLC, YC20 LLC, YC21 LLC, YC22 LLC, YC25 LLC, YC26

LLC, YC29 LLC, YC32 LLC, YC37 LLC, YC49 LLC, YC51 LLC, YC52 LLC, YC56 LLC, 5

Star Flash, Inc., Chicago Medallion One LLC, Chicago Medallion Five LLC, Chicago Medallion

Six LLC, Chicago Medallion Seven LLC, Chicago Medallion Eleven LLC, and Your Private

Limousine, Inc.'s First Set of Requests for Production as follows.

## GENERAL STATEMENT

The following responses are based on discovery available as of the date hereof. Discovery is just beginning and is continuing, and these responses are subject to amendment accordingly. It is anticipated that further discovery, independent investigation and analysis may lead to the discovery of additional information or documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to changes to these objections and responses.

In addition, the following responses are given without prejudice to Uber's right to produce or rely on subsequently discovered information, facts or documents. Uber accordingly reserves the right to amend the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed and contentions are made. Uber's responses to these requests for production do not constitute admissions regarding the existence of any documents or information, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in Plaintiffs' requests. All objections as to relevance, authenticity, or admissibility of any documents are expressly reserved.

Uber expressly incorporates this General Statement and the following General Objections as though set forth fully in response to each of the following individual requests for production and, to the extent that they are not raised in any particular response, Uber does not waive those objections.

## GENERAL OBJECTIONS

Uber objects to the "Definitions" in Plaintiffs' First Set of Requests for Production to the extent they are inconsistent with or impose obligations not set forth in the Federal Rules of Civil Procedure.

Uber objects to Plaintiffs' definition of "Defendant," "Uber," and "You" as overly broad to the extent it requires Uber to pursue information from individuals no longer employed by Uber whose information is not currently in the possession, custody, or control of Uber. Uber

will respond to requests based on a reasonable search of the sources expected to possess the requested information.

Uber objects to Plaintiffs' definition of "Uber Drivers" as overly broad, vague, and ambiguous and to the extent that it requires Uber to seek information from a burdensome number of people. Uber further objects to Plaintiffs' use of the phrase "Uber Drivers" because third-party transportation providers who have entered into a Software License & Online Services Agreement in order to use the Uber software to receive requests for transportation services from users are not "Uber Drivers."

Uber objects to Plaintiffs' use of the terms "relate," "relating," "related," and "regarding," and each and every request that uses those terms, as overly broad, vague, and ambiguous.

Uber objects generally to each request for production to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

Uber objects generally to the requests for production to the extent they seek information from outside a reasonable time period.

Uber objects generally to the requests for production to the extent they seek to compel Uber to generate or create information and/or documents that do not already exist.

Uber objects generally to the requests for production to the extent that they prematurely call for information in contravention of the Local Rules for the United States District Court for the Northern District of Illinois or any applicable order of this Court.

Uber objects to each request for production to the extent it is duplicative or cumulative of separately propounded interrogatory.

Uber objects generally to the requests for production to the extent they seek confidential personal information of third parties.

Uber objects generally to the requests for production on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In particular, none of the requests are limited to a particular timeframe and many are not relevant to any claim or defense.

Uber objects to the requests for production on the ground that they are overly broad, unduly burdensome, and oppressive to the extent they purport to require Uber to search its facilities and inquire of its employees other than those facilities and employees that would reasonably be expected to have responsive information. Uber's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Uber's employees who could reasonably be expected to possess responsive information.

Uber objects to the requests for production on the grounds that they seek information already in the possession of Plaintiffs, publicly available, or as readily available to Plaintiffs as to Uber.

Subject to and without waiving the foregoing General Statement and General Objections, Uber responds as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST NO. 1

Copies of all "hard cards" provided to Uber by any livery licensed chauffeur.

## RESPONSE

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to the request to on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request on the ground that it calls for confidential personal

information of third parties.  Uber further objects to this request on the ground that it calls for information as readily available to Plaintiffs as to Uber.

**REQUEST NO. 2**

Copies of chauffer's licenses provided by any Uber Driver.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome.  Uber further objects to the request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Uber further objects to this request on the ground that it calls for confidential personal information of third parties.  Uber further objects to this request on the ground that it calls for information as readily available to Plaintiffs as to Uber.

**REQUEST NO. 3**

Copies of any training or orientation materials used by Uber for training of its Chicago Area Uber Drivers, Community Managers or other customer service personnel.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome.  Uber further objects to this request as vague and ambiguous.  Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 4**

Copies of any materials given to Uber Drivers that explain how they will be paid by Uber.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request and, in particular, its use of the phrase "paid by Uber," as vague and ambiguous. Uber further objects to this request as overly broad and unduly burdensome. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects that Uber does not pay third-party drivers, but instead third-party drivers pay a fee to Uber.

Subject to the foregoing objections, Uber will produce nonprivileged documents within its possession, custody, or control given to third-party drivers who use Uber's software to receive requests for transportation services that explain the fees that third-party drivers pay to Uber. Uber will only produce such documents subject to a protective order.

**REQUEST NO. 5**

Copies of any "on boarding" or orientation materials given to Uber Drivers or potential Uber Drivers.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as vague and ambiguous. Uber further objects to this request as overly broad and unduly burdensome. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, Uber will produce nonprivileged documents within its possession, custody, or control  given to third-party transportation providers who have entered into a Software License & Online Services Agreement to use Uber's software and services, before they may access the Uber platform to accept requests for transportation.  Uber will only produce such documents subject to a protective order.

**REQUEST NO. 6**

Copies of any emails, text messages, or any other communication to Uber Drivers of taxicabs that reference switching to Uber Black or UberX.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as vague and ambiguous. Uber further objects to this request as overly broad and unduly burdensome. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request on the ground that it calls for confidential personal information of third parties.

**REQUEST NO. 7**

Copies of any documents that reference insurance information Uber collects from any of the Uber Drivers.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to the request to on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request on the ground that it calls for confidential personal information of third parties.

**REQUEST NO. 8**

Copy of the declarations page and insurance policy(ies) covering all UberX rides in the Chicago area.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber objects to this request as vague and ambiguous, particularly as to the term "UberX rides" and the phrase "covering all UberX rides." Uber further objects to the request to on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request on the ground that it calls for confidential personal information of third parties.

**REQUEST NO. 9**

Copies of any documents that reflect Uber or someone at Uber's behest verifying the licensure status of any of the Uber Drivers, either with the BACP, respective Secretary of State's offices, or with any other entity.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 10**

Copies of any documents that reflect Uber checking or verifying the insurance information given to it by any of the Uber Drivers.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 11**

Copies of any records reflecting any notes of condition or vehicle inspections conducted by Uber or by a third-party at the behest of Uber and provided to Uber.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 12**

Documents showing Uber's plans, strategies, campaigns, promotions, and tactics for recruiting Uber Drivers in the Chicago Area.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 13**

Documents showing the number of rides, on a daily, weekly, monthly, and annual basis that have been arranged with the Uber App that either originated or terminated in the Chicago Area.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 14**

Documents showing the time period(s) in which each Uber Driver offered, arranged, or completed rides using the Uber App in the Chicago Area.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 15**

Documents showing the number of rides each Uber Driver has initiated or terminated in the Chicago Area for each Uber service (taxi, Uber Black, and UberX) on a daily, weekly, monthly, and annual basis.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not

reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 16**

To the extent not already provided in response to Request No. 14, document showing the number of rides each Uber Driver has initiated or terminated in Illinois for UberX on a daily, weekly, monthly, and annual basis in the Chicago Area.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 17**

Documents showing the number of rides each Uber Driver has completed through the Uber App in the Chicago Area on a daily, weekly, monthly, and annual basis.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 18**

Copies of dispatch records required to be kept by the City of Chicago, including but not limited to the number of taxicab rides that originated within the City of Chicago, the number of requests for taxi service within the City of Chicago that were received but not fulfilled in Underserved Areas.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 19**

Documents showing the number, date, and location of all instances in which a passenger requested transportation in the Chicago Area through the Uber App but where the request was not fulfilled because no Uber Driver was available, no Uber Driver accepted the transportation request, or the Uber Driver cancelled the request prior to picking up the passenger.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 20**

Documents relating to complaints or communications from consumers regarding Uber's products, Uber Services, Uber Drivers, or Uber's employees in the Chicago Area.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 21**

Documents showing fares paid by passengers who used the Uber App where the ride originated or terminated in the Chicago Area.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 22**

Documents showing payments made by Defendant to Uber Drivers in the Chicago Area.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 23**

Documents relating to and including communications between Uber and Uber Drivers who are associated with any of Plaintiffs.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous, including without limitation the phrase "associated with any of Plaintiffs." Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

**REQUEST NO. 24**

Documents relating to advertisements, job postings, promotional materials, or any other documents relating to an individual becoming an Uber Driver.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25**

Documents relating to any violations of the Chicago Municipal Code, including but not limited to citations and final decisions.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous, including without limitation the phrase "relating to any violations." Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties. Uber further objects to this request on the ground that it calls for information as readily available to Plaintiffs as to Uber.

**REQUEST NO. 26**

Documents relating to any ordinance violation notices or tickets received by Uber or any Uber Driver from a municipality other than the City of Chicago in the Chicago Area, relating to the Uber Drivers' offering of services within that municipality.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous, including without limitation the phrase "relating to any

ordinance violation notices or tickets."   Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Uber further objects to this request to the extent it calls for confidential personal information of third parties. Uber further objects to the extent that this request calls for documents that are not in Uber's possession, custody, or control.  Uber further objects to this request on the ground that it calls for information as readily available to Plaintiffs as to Uber.

## REQUEST NO. 27

Documents relating to the Yellow Cab Picture, including documents and communications relating to the conception, creation, and use of the Yellow Cab Picture.

## RESPONSE

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome.  Uber further objects to this request as vague and ambiguous.  Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Uber further objects to the phrase "Yellow Cab Picture" to the extent it implies that an image of a taxicab necessarily relates to Yellow Cab.  Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to the foregoing objections, Uber will produce nonprivileged documents within its possession, custody, or control that concern the decision to use a picture of a taxi on the Chicago page of Uber's website, to the extent that such documents exist.  Uber will only produce such documents subject to a protective order.

## REQUEST NO. 28

Documents relating to or referencing the change in Uber's surge pricing model to allow for certain areas within the Chicago Area to surge in price while other areas may remain regular price without surge multipliers.

**RESPONSE**

      Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 29**

      A copy the geographic map of the City of Chicago and/or Chicago Area which demarcates the different zones used for surge pricing purposes.

**RESPONSE**

      Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 30**

      Any documents that contain or discuss Uber's decision and/or strategy to begin rolling out UberX in the Chicago Area.

**RESPONSE**

      Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous, including without limitation the phrase "to begin rolling out UberX." Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 31**

Any communications or any documents that discuss communications with the City of Chicago, Illinois Attorney General, Illinois Department of Insurance, other municipalities or any other regulatory body relating to Uber's operations in the Chicago Area.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 32**

All drafts and versions of Uber's "White Paper" attached as Exhibit A to the Second Amended Complaint, including documents referencing the reason(s) for or strategy behind the "White Paper."

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to the foregoing objections, Uber will produce nonprivileged versions of the document attached as Exhibit A to the Second Amended Complaint. Uber will only produce such documents subject to a protective order.

**REQUEST NO. 33**

Documents showing all methods, formulae, rules, and protocols by which Uber has calculated fares (including tax and gratuity) for taxi rides, Uber Black rides, and UberX rides in the Chicago Area.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 34**

Documents relating to past and future changes in pricing models for Uber Services, including documents reflecting or relating to the reasons for such changes.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 35**

Documents showing the proportions by which fares for Uber Services are split between Uber, the Uber Driver who drove the fare, and any other entities.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 36**

Any documents pertaining to any investigation or testing of the accuracy of Uber's GPS based method of calculating fares.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 37**

Documents referring or relating to Uber's decision to obtain and renew its Chicago dispatch license.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not

reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 38**

Any documents pertaining to or reflecting Uber's strategy when it comes to potential regulation, including but not limited to documents that may have been prepared for potential investors or for the Board of Directors' consideration.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 39**

Documents that reference, refer or relate to when UberX in the Chicago Area began allowing Uber Drivers to use their own personal vehicles that are not taxicabs or livery-plated.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 40**

Documents that reference, refer or relate to the decision to introduce UberX to the City of Chicago and Chicago Area.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 41**

Documents relating to any advertisement, marketing materials, or promotional materials depicting a yellow taxicab.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to the foregoing objections, Uber will produce nonprivileged documents within its possession, custody, or control that concern the decision to use a picture of a taxi on the Chicago page of Uber's website, to the extent that such documents exist. Uber will only produce such documents subject to a protective order.

**REQUEST NO. 42**

      Documents that refer to, relate to, or substantiate Uber's demonstrative exhibits used during the Preliminary Injunction hearing and oral argument on Uber's motion to dismiss in this case on April 29 and 30, 2013.

**RESPONSE**

      Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Uber further objects to this request on the ground that it calls for information as readily available to Plaintiffs as to Uber.

**REQUEST NO. 43**

      All communications between anyone from Uber or acting at the behest of Uber, with the City of Chicago Department of Business Affairs and Consumer Protection or the City of Chicago Mayor's Office.

**RESPONSE**

      Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 44**

A copy of any writings that memorialize the agreement between Uber and Michael Kasper and/or Fletcher, O'Brien, Kasper & Nottage, P.C. to provide lobbying services.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 45**

Documents referring or relating to the decision to hire Michael Kasper and/or Fletcher, O'Brien, Kasper & Nottage, P.C.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for confidential personal information of third parties. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 46**

All versions of Uber's Terms and Conditions between Uber and consumers.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to the foregoing objections, Uber will produce nonprivileged documents within its possession, custody, or control that are responsive to this request. Uber will only produce such documents subject to a protective order.

**REQUEST NO. 47**

All versions of Uber's Terms and Conditions between Uber and Uber Drivers or other "partner" entities that supply Uber Drivers in the Chicago Area.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to the foregoing objections, Uber will produce the Software License & Online Services Agreement that it enters into with Chicago transportation companies and drivers to allow transportation companies and drivers to use Uber's software to receive requests for transportation services. Uber will only produce such documents subject to a protective order.

**REQUEST NO. 48**

Documents relating to any changes to Uber's Terms and Conditions, including the reason(s) for the changes and the corresponding changes to Uber's website and/or Uber App.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 49**

Documents discussing Uber's plans and strategies for addressing regulators of the vehicle-for-hire transportation industry, both generally and specifically in Illinois.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 50**

Documents discussing Uber's plans and strategies for addressing charges of illegality.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this

request as vague and ambiguous.  Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 51**

Documents discussing Uber's plans and strategies for addressing safety as to UberX.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome.  Uber further objects to this request as vague and ambiguous.  Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 52**

Documents relating or referring to addressing questions from investors or potential investors or informing investors or potential investors about Uber's strategy regarding UberX.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome.  Uber further objects to this request as vague and ambiguous.  Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 53**

Documents relating or referring to addressing questions from investors or potential investors or Uber informing investors or potential investors about Uber's strategy regarding violations of ordinances, statutes, rules, or regulations relating to vehicle-for-hire transportation.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 54**

Documents relating or referring to addressing questions from investors or potential investors or Uber informing investors or potential investors about Uber's strategy regarding charges of discrimination against passengers.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 55**

Documents relating or referring to addressing questions from investors or potential investors or Uber informing investors or potential investors about Uber's strategy regarding the charges of Uber's alleged false advertising and unfair competition.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

**REQUEST NO. 56**

Documents showing Uber's document retention, document destruction, and electronic records management and storage policies and practices.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to the foregoing objections, Uber will produce nonprivileged documents within its possession, custody, or control that are responsive to this request. Uber will only produce such documents subject to a protective order.

**REQUEST NO. 57**

Documents showing Uber's corporate structure, including identifying any and all parent entities, sibling entities, subsidiary entities, and otherwise related entities, and identifying all officers, directors, shareholders, and owners of each such entity.

**RESPONSE**

Uber incorporates by reference the General Objections above as if fully set forth herein. Uber objects to this request as overly broad and unduly burdensome. Uber further objects to this request as vague and ambiguous. Uber further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Uber further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Uber further objects to this request to the extent it calls for confidential personal information of third parties.

Subject to the foregoing objections, Uber will produce relevant, nonprivileged documents within its possession, custody, or control that are responsive to this request. Uber will only produce such documents subject to a protective order.

DATED: March 20, 2013                    QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP


                                    By   /s/ Stephen A. Swedlow
                                         Stephen A. Swedlow
                                         Attorney for Uber Technologies, Inc.


Stephen A. Swedlow (ARDC No. 6234550)
    stephenswedlow@quinnemanuel.com
Andrew H. Schapiro (ARDC No. 6209041)
    andrewschapiro@quinnemanuel.com
Amit B. Patel (ARDC No. 6309876)
    amitbpatel@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401

John B. Quinn*
    johnquinn@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone:   (213) 443-3000
Facsimile:   (312) 443-3100

* *pro hac vice* admitted

## CERTIFICATE OF SERVICE

The undersigned attorney, Amit B. Patel, hereby certifies that the following document:

**DEFENDANT UBER TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–57)**

was served on the attorneys of record for Plaintiffs by electronic mail.

DATED: March 20, 2014                  QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP


                                        By  /s/ Amit B. Patel
                                        _____
                                            Amit B. Patel
                                            Attorney for Uber Technologies, Inc.

04978.23676/5816270.1

# EXHIBIT C

**Schirmer, Jeanne Diane (36227)**

| | |
|---|---|
| **From:** | Arthur Roberts <arthurroberts@quinnemanuel.com> |
| **Sent:** | Tuesday, November 18, 2014 11:14 AM |
| **To:** | Stiegel, Michael A (35073) |
| **Cc:** | Stephen Swedlow; Amit B. Patel; Coble, Paul (35806); Hall, Carrie A (35819) |
| **Subject:** | RE: Yellow Grp et al v Uber |

We'll double-check with our client and let you know.

**Arthur M. Roberts** | (415) 875-6327 Direct | arthurroberts@quinnemanuel.com

**From:** Stiegel, Michael A (35073) [mailto:MAStiegel@michaelbest.com]
**Sent:** Tuesday, November 18, 2014 8:48 AM
**To:** Arthur Roberts
**Cc:** Stephen Swedlow; Amit B. Patel; Coble, Paul (35806); Hall, Carrie A (35819)
**Subject:** Yellow Grp et al v Uber

Arthur:

In reviewing Uber's section of the joint motion, I have one point of clarification.  If we give you all of the Taxi Plaintiffs' drivers' names and chauffeurs license numbers, will Uber provide ride/fare information with respect to those drivers (to the extent there is overlap) from the time Uber started taxi in Chicago to date.  We would need both the drivers' names checked as well as the chauffer license number because, as you know, some of the drivers' names are prone to misspelling even by the BACP. Please advise.



Two Prudential Plaza
180 N. Stetson Ave., Suite 2000
Chicago, IL 60601
Phone: (312) 222-0800
Fax: (312) 222-0818

| FIRM PROFILE | ATTORNEY PROFILES | LEGAL SERVICES |

**Michael A. Stiegel**
Attorney at Law
Direct: (312) 836-5073
Cell: (312) 933-4401
mastiegel@michaelbest.com

**My Biography** | **Download My Contact Info as a V-Card** | **michaelbest.com**

| OFFICE LOCATIONS | NEWSROOM | EVENTS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited.  If you have received this communication in error, please return it to the sender immediately and

delete the original message and any copy of it from your computer
system. If you have any questions concerning this message, please
contact the sender.